UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GORDON W. MCCAA

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 09-72-SCR

**RULING ON SOCIAL SECURITY APPEAL**

Plaintiff Gordon W. McCaa brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision denying his claim for disability benefits. Before the court is the plaintiff's petition for judicial review and appeal of the final administrative decision of the Commissioner of Social Security, Michael J. Astrue (Commissioner).

**Standard of Review**

Under § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings; and, (2) whether the Commissioner's final decision applies the relevant legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172,

173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131 at 135. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least twelve months that prevents

the claimant from engaging in substantial gainful activity. 20 C.F.R. § 404.1505. The regulations require the ALJ to apply a five step sequential evaluation to each claim for disability benefits. 20 C.F.R. § 404.1520. In the five step sequence used to evaluate claims, the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a severe impairment or combination of impairments, (3) the impairment(s) meets or equals the severity of a Listing impairment in Appendix 1 of the regulations, (4) the impairment(s) prevents the claimant from performing past relevant work, and (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

Listing impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. At the third step, for a claimant to show that his impairment matches a Listing he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 404.1525.

At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work. The burden of

proving disability rests on the claimant through the first four steps.  If the claimant shows at step four that he is no longer capable of performing any of his past relevant work, the burden shifts to the Commissioner at step five to show that the claimant is able to engage in some type of alternative work that exists in significant numbers in the national economy.  *Myers*, *supra*.  If the Commissioner meets this burden the claimant must then show that he cannot in fact perform that work.  *Boyd*, 239 F.3d at 705.

The regulations and case law governing alcohol or drug addiction and the Veteran's Administration (VA) ratings of disability are also relevant in this case.

In 1996 Congress amended the Social Security laws related to alcoholism and drug addiction.  The effective date of the amendments was March 29, 1996.[1]  *Brown v. Apfel*, 192 F.3d 492 (5th Cir. 1999); *Adams v. Apfel*, 149 F.3d 844, 846 (8th Cir. 1998).  Under the legislation and regulations, alcohol or drug addiction might preclude a finding of disability.  42 U.S.C. §§ 423(d)(2)(C) and 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535(a) and 416.935(a); *Brown*, 149 F.3d at 497-499.  The regulations mandate consideration of whether these addictions are contributing factors material to the determination of disability.  *Id.*  The key factor is whether the

---

[1] The amendments apply to cases pending at the time of enactment.  On the statute's effective date of March 29, 1996, the plaintiff's claim based on his application filed on February 7, 1996 was pending.

claimant would still be found disabled if he stopped using drugs or alcohol.[2] The claimant has the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability. *Brown*, 149 F.3d at 498. Stated another way:

> Generally, a finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis. However, if a claimant is found to be disabled, but there is evidence that he is addicted to drugs or alcohol, the ALJ must also determine whether substance abuse is a contributing factor material to the determination of disability. Substance abuse is a material contributing factor if, in its absence, the claimant's remaining limitations would not be disabling. If it is found to be a material contributing factor, then the claimant is not considered to be disabled, and he is ineligible to receive benefits. (internal quotations and citations omitted).

*Knox v. Astrue*, 660 F.Supp.2d 790, 795 (S.D.Tex. 2009).

A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies are different. However, evidence of such a finding by the VA is entitled to a certain amount of weight and must be considered by the ALJ.[3] Generally a VA disability determination is entitled

---

[2] *Brown*, 192 F.3d at 499; 20 C.F.R. §§ 404.1535(b)(1)-(2)(i) & (ii) and 416.935(b)(1)-(2)(i) & (ii). It is apparent from the law and regulations that before considering whether drug/alcohol abuse is a contributing material factor, there must first be a finding of disability. *Halterman v. Astrue*, 2009 WL 463889 (W.D. La. Jan. 30, 2009).

[3] *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001); *Loza v. Apfel*, 219 F.3d 378, 394-95 (5th Cir. 2001).

to "great weight."[4]  While this is true in most cases, the relative weight to be given this type of evidence will vary depending on the circumstances of each case.  Because the regulations for Social Security and VA disability differ, the ALJ need not give "great weight" to a VA disability determination if he adequately explains valid reasons for not doing so.  *Chambliss*, *supra*.

## Background

Plaintiff Gordon W. McCaa was 60 years of age at the time he filed this appeal of the ALJ and Appeals Council decisions denying his claim for disability insurance benefits, and 47 years of age at the time he filed the application for benefits that is the subject of this appeal.  Plaintiff's application has a long procedural history.[5]  This history, along with other background information, is briefly summarized as follows.

Plaintiff obtained his GED, performed military service in Vietnam from 1968 to 1969, and was discharged from the military in 1970.  After his discharge the plaintiff worked in several occupations - ironworker, salesman and truck driver.  Plaintiff last worked in October 1995 as a truck driver.  This employment

---

[4] *Id.; Rodriquez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981).

[5] The administrative record in this case is 1,265 pages and the entire record has been reviewed in connection with this appeal. With some minor exceptions, the entirety of the medical records come from the plaintiff's treatment at VA facilities.

ended when the plaintiff sustained a knee injury while on the job. AR pp. 95, 634-49, 1181-94.

Plaintiff filed two applications for disability benefits. The first application was filed in February 1994. This application was denied and the plaintiff did not file a request for reconsideration. AR pp. 33, 85-88. The subject of this appeal is the plaintiff's second application, which was filed February 7, 1996. AR pp. 168-71. The records showed that the plaintiff had not worked since October 4, 1995 and that numerous mental and physical conditions were the basis of his application for disability benefits - post-traumatic stress disorder (PTSD), depression, bad nerves, panic attacks, and anxiety, along with a history of substance abuse, hypertension and left knee surgery. However, the plaintiff's insured status for disability benefits only extended through December 31, 1995.[6] Therefore, plaintiff had to establish that his combination of impairments rendered him disabled on or before that date.

Plaintiff's 1996 application for benefits was initially denied and the plaintiff requested a hearing before an administrative law judge (ALJ). A hearing was held and the ALJ issued an unfavorable decision on May 28, 1998 finding that the plaintiff was able to perform his past relevant work as a truck driver. The Appeals

---

[6] This is referred to as the claimant's date last insured, and is hereafter referred to as the DLI.

Council upheld the ALJ's decision and denied the plaintiff's request for review. AR pp.7-14, 30-83. Plaintiff then filed a petition for judicial review in the United States District Court in South Dakota. In that case the Commissioner filed an unopposed Motion to Remand under sentence four of § 405(g), which was granted by the district court on May 1, 2001. AR pp. 1021-26. According to the Commissioner's motion, the stated purpose for the remand to an ALJ for further action was as follows:

> Upon remand, the ALJ will be instructed to obtain medical expert testimony to assist in establishing the severity of Plaintiff's impairment prior to December 31, 1995, the date Plaintiff last met the disability insured status requirement of the Social Security Act. The ALJ will be instructed to re-evaluate the limitations imposed by Plaintiff's mental impairments as of his date last insured. The ALJ will also be instructed to re-evaluate Plaintiff's ability to return to his past relevant work as of December 31, 1995. The ALJ will be further instructed to obtain testimony from a vocational source regarding the existence of other jobs Plaintiff could perform if the ALJ determines he could not perform that work. Finally, the ALJ will be instructed to evaluate Plaintiff's drug and alcohol abuse in accordance with the Commissioner's policies, if the ALJ determines Plaintiff is disabled and is an alcoholic or abuses drugs.

AR p. 1023.

Pursuant to the court's remand order another hearing was held in 2002 and another unfavorable ALJ decision was issued on November 27, 2002. This ALJ decision was vacated by the Appeals Council on March 27, 2004 and remanded again to an ALJ to hold a supplemental hearing and issue a new decision. The Appeals Council remand order explained that the ALJ had failed to obtain evidence from a medical

expert, and instructed the ALJ to secure this evidence and if warranted obtain supplemental evidence from a vocational expert. AR pp. 928, 940-43. After this action by the Appeals Council, another ALJ hearing was held on December 20, 2006 and an unfavorable decision was issued on February 23, 2007. AR pp. 925-39, 1168-1259. The Appeals Council clarified and affirmed the ALJ decision on December 4, 2008. AR pp. 920-32.

The ALJ found that as of the date last insured, the plaintiff's only severe impairment was substance addiction disorder. The ALJ noted the rating given by the VA to the plaintiff's PTSD was 30%, but stated that the rating "appears to be fairly *de minimis* and, therefore, not wholly inconsistent" with the findings. AR p. 936. At the third step the ALJ concluded that the plaintiff was disabled because his impairment satisfied the Listing 12.09. Based on the 1996 amendments to the Social Security laws as they related to alcohol/drug addiction, the ALJ then considered and found that if not for the plaintiff's substance abuse, he would have been able to perform his past relevant work as a salesman. Because plaintiff's substance abuse was material to the finding of disability the plaintiff was not entitled to disability benefits. AR pp. 938-39.

On December 4, 2008 the Appeals Council issued an opinion clarifying the ALJ's decision. The Appeals Council did not adopt the ALJ's conclusion/statement that he was not bound by agency

policy as set forth in the regulations. AR p. 921. The Appeals Council did adopt the ALJ's findings and conclusions with regard to the disability determination. The Appeals Council specifically agreed with the ALJ's findings under steps one, two and three of the sequential evaluation,[7] and concurred with the ALJ's finding that substance abuse was a contributing factor material to the issue of disability, and therefore the plaintiff was not disabled as defined in the Social Security Act at any time through the DLI, December 31, 1995. AR pp. 921-22.

Plaintiff then filed his second petition for judicial review in this court, challenging the most recent findings of the ALJ and Appeals Council that he is not disabled.

## **Analysis**

Plaintiff asserted that the most recent decision on his 1996 application for benefits must be reversed and remanded because legal errors were made in the evaluation of his claim: (1) the ALJ acted contrary to the law and regulations by failing to consider or weigh the VA determination that as of April 30, 1996 the plaintiff was 100% disabled due to post-traumatic stress disorder; and, (2)

---

[7] The Appeals Council cited the nonseverity standard of *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), and specifically stated that it agreed with the ALJ's finding that the plaintiff had no other severe impairment besides substance abuse. AR p. 921.

under the Fifth Circuit decision in *Watson v. Barnhart*,[8] the ALJ failed to evaluate whether the plaintiff could both obtain and maintain employment.

Review of the administrative record demonstrates that the plaintiff's first claim of error has merit.

It is clear from both the ALJ hearing and decision that the ALJ was cognizant of the various VA disability ratings including the 100% rating, and the fact that he was required to consider them.[9]  In his written decision the ALJ specifically cited the 30% VA rating related to the plaintiff's post-traumatic stress disorder, and explained why he concluded that it was not dispositive.  AR pp. 938, 1179.  Yet, despite his awareness of the 100% rating and his duty to consider it, the ALJ failed to address it in the decision he issued on February 23, 2007.  Nor did the Appeals Council consider the 100% disability rating in its written decision clarifying and affirming the ALJ's findings.[10]  AR pp. 920-

---

[8] 288 F.3d 212 (5th Cir. 2002).

[9] At the beginning of the administrative hearing held on December 20, 2006 the ALJ noted that the plaintiff was a veteran who had been treated at VA hospitals and was found to be 100% disabled by the VA as of April 30, 1996.  The ALJ recognized his duty to consider the VA's finding, when he stated that "we understand that the Veteran's Administration has made subsequent rulings.  The subsequent rulings are supposed to be considered by us, but they're not determinative.  In other words, we're not bound by those rulings because the systems are basically different."  AR pp. 1178-79.

[10] In a letter to the Appeals Council, counsel for the
(continued...)

22.  The Commissioner did not dispute that the ALJ or Appeals Council failed to consider this rating in his decision.  However, the Commissioner argued that it was not error for the ALJ to ignore it because the rating was effective four months after the plaintiff's DLI, and the rating was not based on evidence from the time period relevant to the Social Security determination.

Contrary to the arguments made by the Commissioner the failure to consider the VA rating of total disability is reversible error.[11]  The Social Security regulations state that decisions by other governmental agencies based on their rules are not binding on Social Security which has its own rules to apply.  Social Security policy interpretations found in SSR 06-03p reiterate this point, but also state that evidence of a disability decision by another governmental agency cannot be ignored and must be considered.[12]

---

[10](...continued)
plaintiff at that time outlined his objections to the ALJ's decision, and specifically objected to the ALJ's failure to consider and weigh the 100% disability rating.  AR pp. 1161-67.

[11] The Commissioner articulated various reasons to support the ALJ's decision for not giving great weight to the VA finding of total disability.  However, these arguments do not constitute evaluation of the VA decision by the ALJ or Appeals Council.  The validity of the ALJ's decision must stand or fall with the reasons detailed in the ALJ's decision as adopted by the Appeals Council.  *Welch v. Barnhart*, 337 F.Supp.2d 929, 936 (S.D.Tex. 2004).

[12] "[W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies....  Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot
(continued...)

Consistent with these principles, the Fifth Circuit requires consideration of VA disability determinations and accords them great weight unless an adequate explanation if given for not doing so. As evidenced by his statements at the hearing, the ALJ recognized these principles but failed to follow them by not considering and weighing the VA's determination that as of April 30, 1996 the plaintiff was 100% disabled because of PTSD.

The argument that the ALJ did not have to consider the rating because it was after the plaintiff's DLI is not persuasive. Neither Fifth Circuit case law or SSR 06-03p imply that there is such an exception. Even the ALJ in his comments at the hearing did not state that he did not have to consider the 100% disability rating because it was after the plaintiff's DLI. Furthermore, several district court decisions support the position that a finding of disability by the VA must be considered in the ALJ's evaluation of the evidence, even if the VA decision occurs after the expiration of a claimant's insured status.[13]

---

[12](...continued)
be ignored and must be considered." SSR 06-03P, 2006 WL 2329939(S.S.A. Aug. 9, 2006).

[13] *See*, *Machia v. Astrue*, 670 F.Supp.2d 326 (D.Vt. 2009)(ALJ was not free to disregard VA rating as untimely when it was effective six months after claimant's DLI and based on impairments and evidence acquired before claimant lost insured status); *Fitzgerald v. Astrue*, 2009 WL 4571762 (D.Vt. Nov. 30, 2009)(legal error for ALJ not to consider VA rating effective 14 years after claimant's DLI); *Hamblin v. Astrue*, 2009 WL 113858 (C.D.Cal. Jan. 14, 2009)(ALJ was required to consider VA disability rating
(continued...)

The Fifth Circuit decisions cited by the Commissioner do not support the Commissioner's position and are not controlling or persuasive. First, the Commissioner's reliance on *Torres v. Shalala*[14] is misplaced. *Torres* did not involve consideration of VA findings in the context of evaluating Social Security claims. The facts and legal issues presented in *Torres* were issues of *res judicata* related to multiple applications for disability benefits, which are entirely different from the issues in this case.[15] In the footnote relied on by the Commissioner, the court merely stated the general principle that evidence showing the degeneration of a condition after a claimant's insured status expires is not relevant to the Commissioner's analysis.

The Commissioner's reliance on *Latham v. Shalala*[16] is also unpersuasive. *Latham* involved consideration of a VA determination, but did so in the context of evaluating whether the VA rating was

---

[13](...continued) effective two and one-half months after claimant's DLI; case remanded for agency to address VA rating); *Russell v. Astrue*, 2008 WL 4542439(W.D.Wash., Oct. 8, 2008)(Appeals Council remanded directing ALJ to consider VA decision effective two months after DLI; on remand ALJ considered and determined no basis to relate VA determination back to period before expiration of claimant's DLI).

[14] 48 F.3d 887, 894 n.12 (5th Cir. 1995).

[15] The court stated that the submission of new medical reports on the second application which showed a degeneration of a condition that was a basis for the first application, did not make the application of *res judicata* a violation of due process. *Id*.

[16] 36 F.3d 482 (5th Cir. 1994).

new and material and so justified remand under sentence six of § 405(g). The court in *Latham* found that even though the rating was made after expiration of the relevant time period, it was material because it was based on evidence from that time period.

According to the Commissioner, *Latham* demonstrates that the ALJ in this case did not have to consider the 100% disability rating because the VA decision shows that it was not based on evidence prior to the plaintiff's DLI. However, a review of the VA decision does not support the Commissioner's argument. The VA decision finding total and permanent disability due to PTSD noted that the evidence considered was a report from a VA hospital for the period 12-17-99 to 12-28-99, but the decision also listed, under the caption "EVIDENCE", the "Rating Decision and previous evidence of record." AR p. 910. This latter notation indicates that the VA determination was based on all the VA medical records, including those related to treatment on or before December 31, 1995. The record also shows that the plaintiff was diagnosed with PTSD prior to his DLI as evidenced by his medical records and the 30% VA disability rating effective February 1, 1994. AR pp. 935, 1146, 1234.

Finally, the ALJ's legal error in failing to consider and weigh the disability rating by the VA is not a situation where the principle of harmless error can be applied or where benefits can be automatically awarded. Given the long procedural history in this

case another remand due to legal error by the Commissioner is very regrettable.[17]  However, neither a harmless error analysis or award of benefits is appropriate because it would require the court as an initial matter to consider and weigh the VA disability rating. This would go against the established principle that on judicial review the court cannot try issues de novo, reweigh the evidence or substitute its findings for those of the Commissioner.[18]  Therefore, because the ALJ and Appeals Council's findings omitted any consideration of the VA's April 30, 1996 finding of total

---

[17] "There are no deadlines for resolving Social Security cases." *See*, *Jimenez v. Halter*, 251 F.3d 156 (5th Cir. 2001)(unpublished), citing, *Heckler v. Day*, 467 U.S. 104, 113-15, 104 S.Ct. 2249 (1984).
   In his memorandum in support of his appeal, the plaintiff did not argue that the court should reverse the Commissioner and award him benefits.  Plaintiff urged the court to reverse and remand the case to the ALJ for application of the proper legal standards to evaluate the VA findings and all evidence relevant to his claim for benefits.

[18] *See*, *Beltran v. Astrue*, 2010 WL 519760 (S.D.Tex., Feb. 9, 2010)(although ALJ erroneously disregarded VA determination, claimant not automatically entitled to benefits; remand required for ALJ to afford VA rating proper evaluation and consideration); *Welch*, *supra* (ALJ's total disregard of VA disability determination is reversible error; harmless error analysis not applicable because it would put the court in position of deciding issues de novo, reweighing evidence and substituting its own judgment for that of the Commissioner); *J.W.M. v. Commissioner of Social Security,* 2009 WL 3645105 (W.D.La. Oct. 30, 2009)(ALJ dismissal of VA determination out of hand without any explanation of valid reasons is reversible error), *but see*, *Fitzgerald*, *supra* (exceptional circumstances warranted use of harmless error analysis; court could confidently say no reasonable administrative factfinder, following correct analysis could have resolved factual matter any other way); *Peel v. Astrue*, 2009 WL 3028300 (N.D.Fla. Sept. 17, 2009)(court found harmless error when ALJ did not consider VA partial disability ratings effective before plaintiff's DLI).

disability, this case must be reversed and remanded to the Commissioner to consider the VA determination under the proper legal standards and render new findings and a new decision on the plaintiff's claim. On remand and reevaluation of the plaintiff's claim all VA disability ratings should be considered,[19] and the Commissioner may take any further actions necessary to complete the administrative record and issue a new decision.

Citing *Watson v. Barnhart*, the plaintiff also argued that the ALJ erred by failing to evaluate whether he could both obtain and maintain employment. However, the plaintiff did not discuss or explain what portion of the ALJ's decision and administrative record support this claim of error. As explained and clarified by the Fifth Circuit in *Frank v. Barnhart*[20] and *Perez v. Barnhart*,[21] nothing in *Watson* suggests that in every case the ALJ must make a specific finding regarding the claimant's ability to maintain employment. Such a finding is generally implicit in the assessment of the claimant's residual functional capacity. An explicit finding that the claimant can maintain employment is not required

---

[19] The administrative record also reflects that in a decision dated April 30, 1998 and effective July 1, 1996, the VA increased the plaintiff's 30% disability rating due to PTSD to 50%. AR pp. 20-29. The ALJ also did not discuss this rating, and neither side addressed this fact in their memoranda.

[20] 326 F.3d 618 (5th Cir. 2002); see also, *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986).

[21] 415 F.3d 457, 465 (5th Cir. 2005).

unless there is evidence in the record that the claimant's condition waxes and wanes in its manifestation of disabling symptoms.

With regard to this claim of error the plaintiff failed to articulate what medical or other evidence contained in the record demonstrates that the ALJ was required to make a specific finding that he could both obtain and maintain employment. Nevertheless, it is unnecessary to resolve this issue based on the current record. Since remand is required, the plaintiff can determine whether to pursue this argument in the administrative proceedings conducted on remand.

## Conclusion

Accordingly, under sentence four of 42 U.S.C. § 405(g) the final decision of Michael J. Astrue, Commissioner of Social Security, denying the plaintiff's application for disability income benefits is reversed, and this case is remanded to the Commissioner for further administrative proceedings consistent with this ruling.

Baton Rouge, Louisiana, April 14, 2010.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE